JO ANN BOWMAN, INDIVIDUALLY AND GUARDIAN FOR SHAWN CAMERON CLARK, Appellant, *v.* JOSEPH C. CLARK, Respondent.

No. 18871

June 8, 1990                                   792 P.2d 1136

[Rehearing denied August 21, 1990]

*David Goldwater,* Las Vegas, for Appellant.

*Beckley, Singleton, DeLanoy, Jemison & List* and *Elizabeth Goff Gonzalez* and *Daniel F. Polsenberg,* Las Vegas, for Respondent.

## OPINION

By the Court, YOUNG, C. J.:

Respondent and appellant are the parents of Shawn Cameron Clark. When respondent and appellant divorced, appellant was awarded custody of Cameron, and respondent was given visitation rights. While visiting with respondent, Cameron ventured into the street on his bicycle and was hit by a truck. Appellant sued respondent for negligent supervision, and respondent moved for summary judgment. The district court granted respondent's motion, finding that there was no cause of action for negligent supervision in Nevada.

On appeal, appellant contends that there is a cause of action for negligent supervision in Nevada, and that genuine issues of material fact precluded summary judgment in this case.

We decline to decide the issue of whether Nevada recognizes a tort of negligent supervision. On the facts presented in this case, we conclude that appellant failed to allege sufficient facts in the district court to establish a *prima facie* case of negligence so as to avoid summary judgment. Thus, the district court did not err in granting respondent's motion for summary judgment.

STEFFEN and MOWBRAY, JJ., concur.

ROSE, J., with whom SPRINGER, J., concurs, dissenting:

Jo Ann Bowman (Jo Ann) and Joseph Clark (Joseph) are the divorced parents of Shawn, a six year old boy. Both Jo Ann and Joseph are remarried. Jo Ann has custody of Shawn and Joseph has periodic visitation rights.

Prior to the accident, Jo Ann had warned Joseph several times not to allow Shawn to go near the street unsupervised. On one occasion, Jo Ann was visiting a friend near Joseph's home at the same time Shawn was visiting Joseph. She noticed that her son was driving a go-cart in the middle of the street and was nearly hit by a car. She immediately told Joseph of the incident and

instructed him to keep a close watch on Shawn when he was playing outside.

On June 16, 1985, Shawn was staying with his father, Joseph, and he was playing with a friend in the dirt next to the street in front of Joseph's home. Joseph drove up and said nothing more to Shawn than "hi" before going into the house to make a sandwich. He gave no instructions to Shawn to stop playing near the street or any warning about not going into the street. Within minutes, Shawn got on his bike and rode into the street where he was hit by a truck. Shawn sustained substantial bodily injuries.

Summary judgment should not be granted when there is an issue of fact, and the facts and inferences must be viewed in the light most favorable to the party opposing summary judgment. Orcutt v. Miller, 95 Nev. 408, 411, 595 P.2d 1191, 1193 (1979). Taking the facts and inferences most favorable to Jo Ann, Joseph knew of Shawn's propensity to go into the street unsupervised and that he should watch him closely when Shawn was outside. When Joseph saw Shawn playing outside, he did not elect to supervise his play, direct that he play in some other area besides next to the street, or even warn him about going into the street. These facts are sufficient to put into issue the claim that Joseph was negligent in supervising Shawn. Therefore, I believe the majority is incorrect when it determines that there are insufficient facts, as a matter of law, to support the claim of negligent supervision.

In Rupert v. Stienne, 90 Nev. 397, 528 P.2d 1013 (1974), we adopted the general proposition that a child has a right to sue a parent in tort without restriction or limitation.

> There are no constitutional or statutory provisions which compel the application of the doctrine of parental immunity in this state, nor is it a rule of decision. NRS 1.030. Because the doctrine has not been adopted in this state, *the right of the child to sue a parent in tort is without restriction or limitation.*

*Id.* at 405, 528 P.2d at 1018 (emphasis added). While we have not directly adopted the right of a child to sue a parent for negligent supervision, such right would seem to follow from our broad statement in *Rupert.*

The cases in other jurisdictions are divided on the issue of whether the doctrine of parental immunity should prevent a child from suing his or her parent for negligent supervision. While there are countervailing considerations and good points made for both positions, I believe the cases that permit a child to sue his or her parent for negligent supervision are the better authority. *See* Gibson v. Gibson, 479 P.2d 648 (Cal. 1971); Miller v. Leljedal,

455 A.2d 256 (Pa. 1983). Accordingly, I would determine that an issue of fact does exist concerning whether Joseph was negligent in his supervision of Shawn and whether that negligence was the proximate cause of Shawn's injuries, and I would permit such a suit in the State of Nevada.

For these reasons, I dissent from the majority decision.